# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

(Filed: June 17, 2026)

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

TIM A. ZIKELI,
                           No. 20-564V

     Petitioner,

                           Special Master Dorsey

v.

                           Attorneys' Fees and Costs

SECRETARY OF HEALTH
AND HUMAN SERVICES,

     Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.
Alexa Roggenkamp, U.S. Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 6, 2020, Tim A. Zikeli ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that he suffered sudden sensorineural hearing loss ("SSNHL") as a result of an influenza ("flu") vaccine he received on October 23, 2018. Petition at Preamble (ECF No. 1). On July 16, 2025, the undersigned issued her decision denying entitlement and dismissing the petition. (ECF No. 124).

On February 6, 2026, Petitioner filed a motion for attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 128). Petitioner requests total attorneys' fees

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

and costs in the amount of $122,554.73, representing $90,672.35 in attorneys' fees and $31,882.38 in attorneys' costs. Pursuant to General Order No. 9, Petitioner warrants that he has not incurred any costs in pursuit of this claim. (ECF No. 129). Respondent filed his response on February 19, 2026, indicating that he "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 130).

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART Petitioner's motion and awards a total of $118,021.11.**

## I.      Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id. at §15(e)(1). In this case, although the petition was eventually dismissed, the undersigned is satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

### A.      Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health and Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health and Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent

and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

### 1.  Reasonable Hourly Rates

Petitioner requests the following rates of compensation for her attorneys at Conway Homer: for Mr. Ronald Homer, $447.00 per hour for work performed in 2020 and 2021, $475.00 per hour for work performed in 2022, $500.00 per hour for work performed in 2023, and $567.00 per hour for work performed in 2025; for Ms. Christina Ciampolillo, $380.00 per hour for work performed in 2021, and $537.00 per hour for work performed in 2025; for Mr. Joseph Pepper, $485.00 per hour for work performed in 2024; for Ms. Lauren Faga, $285.00 per hour for work performed in 2019, $330.00 per hour for work performed in 2020-21, $385.00 per hour for work performed on 2022, and $425.00 per hour for work performed in 2023; for Ms. Meredith Daniels, $320.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2020-21, $410.00 per hour for work performed in 2022, $455.00 per hour for work performed in 2023, $485.00 per hour for work performed in 2024, and $516.00 per hour for work performed in 2025. For paralegals, Petitioner requests the following rates: $145.00 per hour for work performed in 2019, $155.00 per hour for work performed in 2020 and 2021, $170.00 per hour for work performed in 2022, $185.00 per hour for work performed in 2023, $195.00 per hour for work performed in 2024, and $207.00 per hour for work performed in 2025.  The requested rates are reasonable and shall be awarded herein.

### 2.  Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Upon review, the billing entries reveal several administrative tasks, such as organizing and paginating documents, preparing exhibits for filing, paying invoices for medical records, and faxing or mailing documents, which frequently displaying block billing (combining several discrete tasks into one large entry). See Fees App. Tab A at 3, 6, 9-11, 15, 17, 19, 24-25, 27-28, 31. For example, on October 2, 2019, a paralegal billed one hour for "Reviewed file to confirm receipt of all stage 1 records, review each record to confirm date range corresponds to client packet (pre or post vaccine); organize records into chronological exhibits (Ex. 1 to 7) and prepare/paginate medical records to send for summarization and electronic;" on May 18, 2020, a paralegal billed one hour to "Draft Notice of Filing for exhibits 1 to 10 (medical records), final review of exhibits for any errors and confirm file size appropriate for ECF filing, amended exhibit cover pages to show docket number, filed pleading and exhibits electronically, updated

3

case file with copy of pleading;" and on April 19, 2022, a paralegal billed 0.2 hours to "draft notice of refiling (Ex. 19), draft notice, prepare new copy of exhibit, filed electronically. updated case file." Fees App. Tab A at 3, 9, 17.

It is well established that "[c]lerical and secretarial tasks should not be billed at all, regardless of who performs them." Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); see also Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"); Floyd v. Sec'y of Health & Hum. Servs., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature. Examples include scheduling status conferences ... preparing compact discs ... and filing documents through the CM/ECF system."); Kerridge v. Sec'y of Health & Hum. Servs., No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); Silver v. Sec'y of Health & Hum. Servs., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Regarding block billing, the undersigned is cognizant that in some instances, some of these activities may be related such that one activity naturally flows into the next throughout the course of the workday. However, in this case, these entries frustrate the undersigned's ability to determine how much time was spent on a compensable task versus a time on the non-compensable, administrative task.

Second, there are instances of duplicative billing for intra-office communications and meetings[3] which is "[u]nreasonably duplicative" and "excessive." Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 703 (2016) (reducing fee for "[u]nreasonably duplicative or excessive billing," which includes "attorneys billing excessively for intra office communications"). And third, several billing entries from attorneys advising or directing paralegals to complete tasks (e.g., request for medical records),[4] while said paralegals were billing for such tasks. See, e.g., Vinocur v. Sec'y of Health & Hum. Servs., No. 17-598V, 2020 WL 3619896, at *2 (Fed. Cl. Spec. Mstr. June 29, 2020) ("In the undersigned's experience, the time it would take an experienced attorney to direct an experienced paralegal to file a certain document (particularly *pro forma* documents drafted by the paralegal) is so negligible that it

---

[3] For example, see entries dated September 23, 2019; October 29, 2019; November 5, 2019; November 6, 2019; December 16, 2019; January 23, 2020; February 24, 2020; April 6, 2020; April 21, 2020; April 24, 2020; May 18, 2020; June 9, 2021. This is not an exhaustive list.

[4] For example, On November 1, 2019, Ms. Faga billed for directing the paralegal to request medical records: "[case memo] w[ith] SG re[garding] collecting VAERS record." Pet. Mot. Tab A at 4. Three days later, on November 4, 2019, the paralegal billed for "review email from LF regarding need for VAERs report, review/research CDC database for info related to client's VAERs report, memo to LF with details," and that same day, the paralegal also billed for "draft/update request letter and authorization form for collection of VAERs report." Id. at 4. The next day, on November 5, 2019, Ms. Faga and the paralegal billed for a case meeting regarding the same VAERs records. Id. Then, on January 25, 2021, Ms. Faga billed for "case memo to [paralegal] re updated med rec[ords] per client update," and on February 2, 2021, the paralegal billed for drafting the "medical request letter and release for updated medical records." Id. at 12. This continued throughout litigation.

4

should not be billed for at all."); O'Leary v. Sec'y of Health & Hum. Servs., No. 18-584V, 2022 WL 1055352, at \*2 (Fed. Cl. Spec. Mstr. Mar. 21, 2022) (reducing fees for "attorney time directing paralegals to file documents"); Buchanan v. Sec'y of Health & Hum. Servs., No. 19-1649V, 2022 WL 9931077, at \*2 (Fed. Cl. Spec. Mstr. Sept. 23, 2022) (same); Foster v. Sec'y of Health & Hum. Servs., No. 17-1502V, 2020 WL 3619919, at \*2 (Fed. Cl. Spec. Mstr. June 23, 2020) (reducing fees "for excessive time billed by counsel to direct paralegal activity").

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests ... [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521. In this case, considering billing for clerical and administrative work and the block billing, the undersigned finds that a 5% reduction in overall fees reasonable. This results in a reduction of **$4,533.62**.[5]

Petitioner is therefore awarded final attorneys' fees of **$86,138.73.**

### B. Attorneys' Costs

Petitioner requests a total of $31,882.38 in attorneys' costs, including the acquisition of medical records, postage, copies, travel expenses related to a client visit, including car rental, gas, flight, meals, and ground transportation, and expert services provided by Edwin M. Monsell, M.D., 61.75 hours of work, at $500.00, totaling $29,375.00. See Fees App. Ex. B. The undersigned has reviewed the requested costs and finds that rate billed by the expert is consistent with what he has been previously awarded, and the costs billed are reasonable. Accordingly, the full amount of costs shall be awarded.

### II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $90,672.35 |
| (Reduction of Fees) | ($4,533.62) |
| **Total Attorneys' Fees Awarded** | **$86,138.73** |
| | |
| Attorneys' Costs Requested | $31,882.38 |

---

[5] This amount is calculated as: $90,672.35 x 0.05 = $4,533.62

| (Reduction of Costs) | - |
|---|---|
| **Total Attorneys' Costs Awarded** | **$31,882.38** |
| | |
| **Total Attorneys' Fees and Costs** | **$118,021.11** |

**Accordingly, I award a lump sum in the amount of $118,021.11 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.